Reese, J.
delivered the opinion of the court.
Robert Hurt, in his life, brought his action, which was so prosecuted, against John Dougherty, the plaintiff in error, in the county of Carroll, that in the circuit court of that county he obtained a judgment for restitution of the possession of the premises in controversy. From -this judgment Dough-erty prosecuted his appeal in error to this court; and after such appeal, Robert Hurt departed this life, and his death was duly suggested in this court; and the case remaining two terms in said court, without any step taken by the plaintiff in error to revive the suit, either against his heirs or personal representatives — a judgment was entered in this court, that the writ of error of plaintiff should be abated. Subsequently, a scire facias was sued out in the circuit court of Carroll county, in the name of the devisees and executor of Robert Hurt, alleging their interest in and title to. the possession and property of the premises mentioned in the judgment of restitution, heretofore rendered in that court, in favor of Robert Hurt against John Dougherty, describing the proceedings and judgment in said court, and stating the appeal in error and its abatement in this court. The defendant pleaded that there was no such record as that set forth in the scire facias; the plaintiffs replied that there was such a record, as appeared by the records of said circuit court. The defendant demurred, and the plaintiff having joined therein, the circuit court held the plea to be good, and overruled the demurrer and awarded execution, and the defendant has prosecuted his appeal in this court. Two questions have been discussed: first, that the replication is á departure from the scire facias which recited a judgment for restitution in the *432 circuit court, and, also, a judgment abating the writ of error in the supreme court, and the replication to the plea of nul tiel record refers alone to the record existing in the circuit court; and that for this departure in pleading, the demurrer to the replication ought to have been sustained. We are of opinion that there was no such departure. Where a record comes up from an inferior to a superior court, it would be doubted by none that the record of such inferior court becomes, and may be declared to he, the record of such superior court. And in like manner where action has again to take place in the inferior, in consequence of what has been done in the superior court, either in obedience to the mandate of such superior court, or by operation of law upon the rights of the parties, the action of such superior court, from which such mandate, or such rights arise, in relation to and in connexion with former proceedings in the same cause in said inferior court, became when sent down, as in strictness and regularity it ought to be sent down, a record of such inferior court and may be described and referred to as existing there. If this, however, were not so, it would follow— in a case like the present, and in order that just legal remedies might not fail, but be effectual — that the reference to the proceedings of the superior court in the scire facias would be regarded as surplusage only.
The other objection to the judgment below is, that the executor is a plaintiff In the scire facias with the heirs, and it is alleged that this is a misjoinder; it is unnecessary for us to state how this would be, as the question presents itself; for the scire facias avers that the right to the possession and premises recovered, and of which restitution is prayed, is in the plaintiffs in the scire facias. The will is not before us, so as to show that the executor is not interested in the possession, as well as the devisees, for the restoration of which, process and execution is sought to be awarded.
Upon the whole case, then, we are of opinion that there is no error in the judgment of the circuit court, and we affirm the same, and award the process prayed for in the scire facias.